NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., a Delaware Corporation, | Hon. Garrett E. Brown, Jr. |
| Plaintiff, | Civil Action No. 07-4660 |
| v. | **MEMORANDUM OPINION** |
| SUMANA HOSPITALITY, LLC, a Nebraska limited liability company; HABIBUR RAHMAN, an individual; HAZARA KHATUN, an individual; and HABIB MURSHED, an individual, | |
| Defendants. | |

**BROWN, Chief Judge:**

This matter comes before the Court upon the unopposed motion (Doc. No. 50) to enforce settlement and impose sanctions, in the form of attorneys' fees, filed by Plaintiff Days Inn Worldwide (DIW).[1]  For the following reasons, the Court will grant Plaintiff's motion.

*Background*

DIW, a franchisor that operates a guest lodging facility franchise system, brought this action against Defendants, franchisee and guarantors, alleging that Defendants prematurely terminated the License Agreement in or about December 2006, thereby subjecting Defendants to liability for liquidated damages, as well as unpaid recurring fees, owed under the License Agreement.  (*See generally* Complaint.)  On September 18, 2009, representatives of the parties

---

[1] This matter was reassigned to the undersigned by Order of August 10, 2009.

1

appeared before Magistrate Judge Esther Salas for a settlement conference.  Defendant Habib Murshed appeared on behalf of Defendants, and he represented that he had full settlement authority to bind all Defendants.  (Hr'g Tr. at 6:18–24, 9:4–7.)

The parties represented that they had reached a confidential settlement agreement and put the terms of the settlement on the record.  The agreement provided that Defendants would pay a sum certain, beginning with a lump sum payment on or before December 15, 2009, with the remaining balance to be paid over five years in quarterly installments commencing on or about March 15, 2010.  (*Id.* at 4:10–18.)  The agreement allowed for a five-day grace period on late payments, after which time DIW would provide written notice of the late payment, and Defendants would have 15 days to cure the default.  (*Id.* at 4:19–25.)  The agreement further permitted Defendants to make late payments up to three times during the five-year period, but if Defendants continued to make late payments beyond that threshold, or if Defendants breached any other aspect of the agreement's terms, the parties agreed to the entry of a consent judgment in the amount of $500,000.  (*Id.* at 5:1–5.)  The consent judgment would be held in escrow during the period that Defendants made timely payments pursuant to the agreement, but DIW reserved the right to enforce its rights under the consent judgment in the event that Defendants breached the payment plan provided for by the agreement.  (*Id.* at 5:9–17.)  Following DIW's description of the settlement terms, both defense counsel and Mr. Murshed represented to the Court that the agreement terms were correct, and upon questioning from Magistrate Judge Salas, Mr. Murshed represented that Defendants voluntarily assented to the terms of the agreement, and that Defendants understood that the settlement agreement ended the parties' dispute and triggered Defendants' duty to make the first lump sum payment on December 15, 2009.  (*See id.* at 6:1–4

(response of defense counsel); 7:1–19 (response of Mr. Murshed).)  Mr. Murshed further represented to the Court at the conference that he would be diligent in making sure Defendants complied with the first payment deadline of December 15.  (*See* Hr'g at 9:19–10:5.)

The undisputed record reflects that DIW forwarded a finalized settlement agreement to defense counsel for Defendants' execution on September 30, 2009.  (Couch Certif., Ex. D.)  The record further reflects that, despite multiple attempts by defense counsel, Defendants did not execute the settlement agreement, and Defendants have stopped communicating with both counsel and the Court.  (*See id.*, Exs. E, F.)  These circumstances prompted the Court to reopen the case by Notation Order of November 24, 2009.  (Doc. No. 37.)  Defense counsel renewed its prior motion to withdraw as counsel on December 4, 2009, and Magistrate Judge Salas ordered Defendants to attend a January 12 hearing on the motion.  (Doc. No. 41 (Order of December 11, 2009).)  Prior to the hearing, Defendants did not make the first lump sum payment that was due on December 15.  (Couch Certif. ¶ 14.)  Defendants did not attend the January 12 hearing, and Magistrate Judge Salas granted defense counsel's motion to withdraw.  (Doc. No. 43 (Order of January 13, 2010).)  At the same time, Magistrate Judge Salas gave Defendants 30 days to retain new counsel and ordered Defendants to appear at a conference on February 24, 2010.  (*Id.*)  Defendants did not appear at the February 24 conference (Couch Certif. ¶ 13), and to the Court's knowledge, Defendants have not secured new counsel.  At no time have Defendants objected to the finalized settlement agreement provided by DIW last September.  (*Id.* ¶ 15.)

DIW now moves to enforce the settlement agreement put on the record by the parties at the September 18 settlement conference (hereinafter "September 18 agreement").  DIW also seeks, as a sanction for Defendants' non-responsiveness, attorneys' fees incurred in seeking the

enforcement of the September 18 agreement.  Defendants have filed no opposition to this motion.

## *Analysis*

New Jersey law governs the construction and enforcement of the purported settlement agreement at issue in this case.  *See, e.g.*, *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 349 (D.N.J. 1996).  New Jersey law provides that "an agreement to settle a lawsuit is a contract which, like all other contracts, may be freely entered into, and which a court, absent a demonstration of 'fraud or other compelling circumstance' shall honor and enforce as it does other contracts."  *Pascarella v. Bruck*, 190 N.J. Super. 118, 124–25 (App. Div. 1983) (quoting *Honeywell v. Bubb*, 130 N.J. Super. 130, 136 (App. Div. 1974)).  New Jersey law recognizes an enforceable contract where the parties agree on essential terms of the agreement and manifest an intention to be bound by those terms, and where the terms of the agreement are sufficiently definite that each party's obligations can be ascertained with reasonable certainty.  *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992); *see also United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997).  Furthermore, settlement agreements "[are] binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."  *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970) (per curiam) (applying New Jersey law).

Here, the undisputed record demonstrates that the parties reached an agreement to settle their dispute at the September 18 settlement conference.  The parties put the essential terms on the record before Magistrate Judge Salas: Defendants would pay Plaintiffs a sum certain via a series of quarterly payments over five years, with the initial lump sum payment occurring on or before December 15, 2009.  In the presence of defense counsel, Magistrate Judge Salas confirmed that Mr. Murshed represented all Defendants at the hearing with the authority to bind

4

the Defendants not in attendance.  Magistrate Judge Salas further confirmed that defense counsel and Mr. Murshed both understood and agreed to the essential terms of the agreement.  The Court is satisfied that DIW and Defendants understood the essential terms of the agreement, that they manifested their respective assents to the terms put on the record, that the agreement was voluntary, and that the terms of the agreement are sufficiently definite to determine each party's obligations under the agreement.  Accordingly, the Court will grant DIW's motion to enforce the September 18 agreement.  DIW requests an order giving Defendants 10 days to remedy their default by executing the settlement agreement and paying overdue payments in accordance with the agreement.  The Court will adopt this request in its accompanying Order.

      The Court is also persuaded to grant DIW reasonable attorneys' fees incurred by seeking to finalize and enforce the September 18 agreement since the settlement conference.  This Court has the "*inherent* authority to impose sanctions upon those who would abuse the judicial process."  *Republic of the Philippines v. Westinghouse Elec.*, 43 F.3d 65, 73 (3d Cir. 1994) (emphasis in original) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)).  These powers derive from "'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)).  The "very potency" of these powers, however, necessitates that they "be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.  Accordingly, the Third Circuit has provided that the sanctioning court "must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified."  *Republic of the Philippines*, 43 F.3d at 74.

The undisputed record in this case reflects that Defendants have unduly delayed the consummation of the September 18 agreement, defaulted on their obligations under the agreement, ceased all communication with counsel and the Court, and violated Court orders by failing to appear at the hearing for defense counsel's motion to withdraw and at the follow-up status conference.  This pattern of behavior reflects that Defendants have not proceeded in good faith; indeed, Defendants' behavior evinces an utter disregard for the judicial process.  The Court is satisfied that reasonable attorneys' fees, limited to DIW's efforts to enforce the September 18 agreement, would properly redress the burden incurred by DIW because of Defendants' misconduct.  DIW will have 30 days from the entry of the accompanying Order to submit descriptive time entries and supporting documentation from its billing records relating to the reasonable attorneys' fees and costs it has incurred since the settlement conference to enforce the September 18 agreement.

### *Conclusion*

For the aforementioned reasons, the Court will grant DIW's motion to enforce settlement and award reasonable attorneys' fees incurred by DIW in seeking enforcement of the September 18 agreement.  The Court will grant DIW 30 days to submit descriptive time entries and supporting documentation from its billing records relating to the reasonable attorneys' fees and costs it has incurred since the settlement conference to enforce the September 18 agreement.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 15, 2010

                                                                  /s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.